IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 7:16CR00064-001 |
| v.          ) | **OPINION AND ORDER** |
| ) | |
| **TIMOTHY WAYNE RADFORD,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant.    ) | |

*Mary Margaret Cleary, Assistant United States Attorney, Roanoke, Virginia, for United States; Timothy Wayne Radford, Pro se.*

The defendant has filed a pro se motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[1] For the reasons set forth hereafter, the motion, ECF No. 81, is DENIED.

The defendant was sentenced by this court on July 10, 2017, to 135 months imprisonment, with 12 months to run concurrent with a state sentence. Radford is currently incarcerated at USP Yazoo City and has a projected release date of July 10, 2027. The grounds of the defendant's motion are (1) that his sentence is too long for a nonviolent drug offense, (2) that he is rehabilitated and does not require further

---

[1] The Federal Public Defender was appointed to represent the defendant following the filing of the pro se motion, but an Assistant Federal Public Defender thereafter filed a pleading requesting that the defendant be allowed to proceed pro se. Resp. 1, ECF No. 89. That request is granted.

incarceration, (3) his fear of contracting COVID-19, and (4) that the conditions of his confinement are harsher than usual due to pandemic restrictions.

In order to find the defendant eligible for compassionate release, I must first find that there is an "extraordinary and compelling reason[]" justifying such relief. 18 U.S.C. § 3582(c)(1)(A)(i).  Radford presents no such reason.

Radford's approximately 11-year sentence is appropriate given his criminal history and offense conduct.  According to the Presentence Investigation Report (PSR), he began committing misdemeanor offenses in 1990 at age 21.  He was convicted of felony false pretenses at age 25 but his sentence of incarceration was suspended.  In 2016, at age 48, he stole a smart phone from a juvenile and spent about a week in jail.  A month later, he shoplifted, but his sentence of incarceration was again fully suspended.  Up to this point, he had also received multiple fines for minor offenses such as driving without a license and public swearing and intoxication.  Also in 2016, at age 48, Radford pled guilty in state court to manufacturing methamphetamine and being an accessory to manufacturing methamphetamine after a search warrant was executed on his son's house.  The PSR lists a number of additional charges that were dismissed, including assault, destroying property, breaking and entering, larceny, and using threatening language.

While many of his past crimes were minor and nonviolent, Radford's ongoing pattern of criminal behavior well into mature adulthood shows a lack of respect for

the law. Despite being given numerous chances, he did not try to conform his behavior to societal expectations, and his unlawful actions instead escalated to more serious crimes. His criminal history category of III adequately reflected his long history of disregard for the law.

Related to the offenses in this case, the PSR indicates that investigators conducted several controlled purchases from Radford, who sold methamphetamine to confidential informants on multiple occasions. After a buy/bust operation, and after Radford made incriminating statements to law enforcement, a search warrant was executed on his mobile home. In addition to drugs, drug paraphernalia, and a drug ledger, investigators located a semi-automatic pistol with magazines and ammunition. The PSR states that Radford was accountable for 2.5515 kilograms of methamphetamine.

Radford's sentence of 135 months was at the low end of the sentencing guideline range. Nothing in the record warranted a downward departure. Radford has not offered any evidence tending to show that his sentence is out of proportion to his offense and criminal history. The length of his current sentence does not present an extraordinary and compelling reason for relief. Moreover, while Radford contends he has been rehabilitated, the government represents that "[i]n October 2019, shortly before moving for compassionate release (which ironically focuses on his alleged rehabilitation), Radford admitted that he had snorted a line of

methamphetamine in prison." Gov't's Opp'n 6, ECF No. 93. Unfortunately, neither party filed Radford's prison disciplinary records with the court, so I cannot assess his rehabilitation. Regardless, given his history and characteristics and the nature and circumstances of the offense, I would not find that even a perfect prison disciplinary record established an extraordinary and compelling reason for relief.

Radford's concern over contracting COVID-19 is without merit. He has not offered any evidence which shows he possesses preexisting conditions that put him in the at-risk category from COVID-19 complications. The PSR, prepared in 2017, states, "The defendant is healthy and has no history of health problems and does not take any prescription medications." PSR ¶ 56, ECF No. 69. Even if the defendant could establish such health factors, he has been fully inoculated against the virus with a vaccine which the Centers for Disease Control and Prevention indicates is at least 90% effective at preventing Covid-19-induced serious illness. Med. Recs. 2, ECF No. 92; Centers for Disease Control and Prevention, *Pfizer-BioNTech Covid-19 Vaccine Overview and Safety*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html (last visited Oct. 16, 2021).

The harshness of prison conditions caused by pandemic restrictions cannot constitute an extraordinary and compelling reason for release, as they effect every federal prisoner. Surely the defendant does not suggest that the courts throw open the prison doors and release every inmate because of the pandemic.

-5-

Considering the foregoing factors, as well as those set forth in § 3553(a), I find that the defendant is not qualified for such extraordinary relief.

    ENTER:  October 18, 2021

    /s/  JAMES P. JONES
    Senior United States District Judge